MAURICE SUH, SBN 147485
  msuh@gibsondunn.com
DANIEL WEISS, SBN 242022
  dweiss@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

Attorneys for Applicant,
Her Majesty The Queen

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re* Application of:<br><br>Her Majesty The Queen,<br><br>             Applicant,<br><br>For the Issuance of a Subpoena for the Taking of a Deposition In A Foreign Proceeding Pursuant to 28 U.S.C. § 1782 | CASE NO. 2:16-MC-00002<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AN *EX PARTE* APPLICATION FOR AN ORDER UNDER 28 U.S.C. § 1782 FOR THE ISSUANCE OF A SUBPOENA TO PAUL SLOAN FOR THE TAKING OF A DEPOSITION FOR USE IN A FOREIGN PROCEEDING** |

# TABLE OF CONTENTS

Page

I.  INTRODUCTION ................................................................................. 1

II. FACTUAL BACKGROUND ................................................................ 3

    A.  The Tax Court Has Issued a Commission for Mr. Sloan's Deposition. ..................................................................................... 3

    B.  Canadian Tax Court Proceedings. ............................................... 5

    C.  The *Sackman* Case. ..................................................................... 6

    D.  Mr. Sloan Has Material and Key Evidence. ............................... 7

    E.  The Crown's Attempts to Obtain the Necessary Evidence Have Been Unsuccessful. ........................................................... 8

III. SECTION 1782 ENTITLES THE CROWN TO TAKE DISCOVERY FROM MR. SLOAN ............................................................................ 8

    A.  The Crown Satisfies the Statutory Requirements of Section 1782. ........... 8

    B.  The *Intel* Discretionary Factors Favor Granting the Crown's Application. ................................................................................ 10

    C.  The Crown's Filing of This Application *Ex Parte* and Without Prior Notice to Mr. Sloan is Warranted by the Interests of Justice. ................. 12

IV. CONCLUSION ................................................................................ 13

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Ahmad Hamad Algosaibi & Bros. Co. v. Standard Chartered Int'l (USA) Ltd.,*
785 F. Supp. 2d 434 (S.D.N.Y. 2011) ...................................................... 10

*In re Edelman,*
295 F.3d 171 (2d Cir. 2002) ...................................................................... 9

*In re Futurecorp Int'l Pty Ltd.,*
2012 WL 5818288 (N.D. Cal. Nov. 15, 2012) ........................................ 11

*In re Letters of Request to Examine Witnesses from Court of Queen's Bench for
Manitoba, Canada,*
59 F.R.D 625 (N.D. Cal. 1973) .................................................................. 9

*In re Letters Rogatory from the Tokyo District, Japan,*
539 F.2d 1216 (9th Cir. 1976) ................................................................... 3

*In re Premises Located at 840 140th Ave., N.E., Bellevue, Wash.,*
634 F.3d 557 (9th Cir. 2011) .................................................................... 10

*In re Republic of Ecuador,*
2010 WL 3702427 (N.D. Cal. Sept. 15, 2010) .................................... 8, 12

*In re Roz Trading Ltd.,*
2007 WL 120844 (N.D. Ga. Jan. 11, 2007) ............................................ 10

*Intel Corp. v. Advanced Micro Devices, Inc.,*
542 U.S. 241 (2004) ........................................................................ 9, 10, 11

*Lancaster Factoring Co. v. Mangone,*
90 F.3d 38 (2d Cir. 1996) ........................................................................ 10

*London v. Does 1-4,*
279 F. App'x 513 (9th Cir. 2008) ....................................................... 11, 12

*Schmitz v. Bernstein Liebhard & Lifshitz, LLP,*
376 F.3d 79 (2d Cir. 2004) ...................................................................... 10

## Statutes

28 U.S.C. § 1782 ................................................................................ 2, 3, 9

U.S.C.C.A.N. § 3789 (1964) .................................................................... 10

## Rules

Fed. R. Civ. P. 26 ...................................................................................... 3

Fed. R. Civ. P. 30 ...................................................................................... 3

Fed. R. Civ. P. 45 ...................................................................................... 3

Gibson, Dunn &
Crutcher LLP

## I.   INTRODUCTION

Applicant Her Majesty The Queen (the "Crown") respectfully applies to this Court for an order pursuant to 28 U.S.C. § 1782 to obtain deposition testimony from Paul Sloan on February 11, 2016, for use in a foreign proceeding before the Tax Court of Canada (the "Tax Court") to which the Crown is a party.  The foreign proceeding is styled *Jeffrey Sackman v. Her Majesty the Queen*, Docket: 2002-4824(IT)G (the "*Sackman* Case").  The Tax Court, after full briefing by the parties in the *Sackman* Case, found that Mr. Sloan's testimony is relevant and issued a Commission and a Letter of Request in order to facilitate the Crown obtaining Mr. Sloan's testimony.

The central issue in the *Sackman* Case involves the determination of the fair market value of prints donated by Mr. Sackman to various charities in his 1999 and 2000 taxation years.  During these years, Mr. Sackman participated in a buy low/donate high art donation program marketed by Artistic Ideas Inc. ("Artistic").  The Artistic program was marketed to potential donors to avoid the payment of tax.  Donors were told they would benefit from their participation by receiving a large discount on their taxes.  In essence, the Artistic scheme involved Artistic's acquisition and donation of art work to charities at a low price.  These charities, upon receipt of those donations, would issue donation receipts reflecting a certain donated value, all of which was in excess of the acquisition price at which Artistic acquired those same art works.  These donation receipts were used by, among others, Mr. Sackman to claim donation tax credits in filing his income tax returns.

Artistic sourced the prints used in the donation program from Coleman Fine Arts and Silver Fine Arts, both owned by Paul Sloan, a resident of California.  Mr. Sloan is the witness the Crown seeks to depose.  As the Tax Court already found, Mr. Sloan has relevant and necessary evidence regarding the initial acquisition price for the artwork ultimately donated, and details regarding his involvement in the donation program.

The Crown has sought to obtain the desired evidence from Mr. Sackman and Mr. Sloan, including requesting that Mr. Sloan voluntarily appear at the trial in the

*Sackman* Case, but the Crown's efforts have been unsuccessful.  As a result, the Crown requested that the Tax Court issue a Commission and Letter of Request seeking assistance from the judicial authorities of the United States in obtaining the testimony of Mr. Sloan.  Mr. Sackman opposed the Crown's request, but the Tax Court granted the Crown's request over Mr. Sackman's objection.  On December 19, 2012, the Registrar of the Tax Court of Canada issued a Letter of Request.

On April 19, 2013, pursuant to the December 19, 2012 Letter of Request, the Crown requested that this Court issue a subpoena to Mr. Sloan under 28 U.S.C. § 1782, which this Court granted on April 22, 2013 in *In re Application of Her Majesty The Queen*, Case No. 2:13-mc-00144-UA-DUTY.

Mr. Sloan's deposition proceeded pursuant to the subpoena issued by this Court. Following the deposition of Mr. Sloan, however, Mr. Sackman's counsel moved to recuse the judicial officer presiding over the *Sackman* Case, who was also the appointed commissioner who took the evidence at Mr. Sloan's deposition, and to prevent Mr. Sloan's deposition testimony from being used in the *Sackman* Case.  Mr. Sackman's request was granted.  Nevertheless, because Mr. Sloan's testimony remains relevant to the *Sackman* Case, on December 22, 2015, the Chief Justice of the Tax Court, who was assigned to preside over the *Sackman* Case, ordered that evidence be taken from Mr. Sloan and directed that a new commission be issued to obtain the evidence of Mr. Sloan.  On December 29, 2015, the Registrar of the Tax Court of Canada issued a Letter of Request to the "Judicial Authorities of the United States of America" requesting that the judicial authorities "locate" and "cause" Mr. Sloan "to appear before the Commissioner by the means ordinarily used in your jurisdiction" and "answer questions under oath or affirmation."

The Crown's Application satisfies both the statutory and discretionary requirements for issuance of a deposition subpoena.  Under 28 U.S.C. § 1782, "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a

proceeding in a foreign or international tribunal . . .," and such orders are routinely issued on an *ex parte* basis.  *See, e.g.*, *In re Letters Rogatory from the Tokyo Dist., Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976).  Consistent with the liberal discovery provided under the Federal Rules, the standard to issue a subpoena under Section 1782 is low and this Application satisfies each of Section 1782's statutory prerequisites: (i) Mr. Sloan is believed to "reside" or may be "found" in this Court's District, (ii) the discovery sought by the Crown is for "use in" a foreign or international proceeding, and (iii) the Crown is an "interested person" in that proceeding.  *See* 28 U.S.C. § 1782. Further, as set forth below, the discretionary factors a court considers in determining whether to grant a Section 1782 request also favor granting this Application: (1) Mr. Sloan is not a participant in the foreign proceeding; (2) the Tax Court is receptive to Section 1782 assistance from federal courts, as it granted the Crown's request for a Commission and issued a Letter of Request; (3) this Application does not conceal an attempt to circumvent foreign proof-gathering restrictions and is a good faith effort to obtain probative evidence; and (4) the limited testimony sought from Mr. Sloan is not unduly intrusive or burdensome.

Accordingly, the Crown hereby submits its *Ex Parte* Application to this Court for an Order, under 28 U.S.C. § 1782 and Rules 26, 30 and 45 of the Federal Rules of Civil Procedure, granting the Crown leave to serve the subpoena attached to the Declaration of Daniel L. Weiss as Exhibit A (the "Subpoena") upon Mr. Sloan, a resident of the City of Los Angeles, California, for the taking of his deposition for use in a foreign proceeding.

## II.     FACTUAL BACKGROUND

### A.     The Tax Court Has Issued a Commission for Mr. Sloan's Deposition.

As a result of Mr. Sloan's unwillingness to voluntarily travel to Toronto, Canada to appear at the trial of Mr. Sackman, the Crown sought a commission from the Tax Court authorizing the deposition of Mr. Sloan pursuant to the Tax Court of Canada Rules (General Procedure) (the "Rules").  Declaration of Martin Beaudry ("Beaudry

Decl."), ¶ 10; Ex. D at Tab 1.  The Tax Court is authorized under the Rules and the common law to issue a commission if the following requirements are satisfied:

- The application for a commission is *bona fide*.
- The issue raised is one that should be adjudicated by the Tax Court.
- The witness to be examined has relevant evidence.
- There is good cause why the witness cannot be examined in the jurisdiction.

*Id.*, Ex. A §§ 112, 119-122; Ex. E.  Mr. Sackman opposed the Crown's request for a commission for Mr. Sloan's deposition.  *Id.*, at Ex. E.

After hearing the arguments of both parties, the Tax Court granted the Crown's request for a commission for the deposition of Mr. Sloan.  Beaudry Decl., at Ex. E.  The Tax Court found that the Crown's application was *bona fide*, the issue is one that the Tax Court ought to adjudicate, the information sought is material and there is good cause why Mr. Sloan cannot be examined in Canada.  *Id.*  With respect to the materiality of the evidence sought, the Tax Court found that "[t]here is no doubt that the evidence sought from Paul Sloan is material to the issue in this appeal and to the [Crown's] theory of the case."  *Id.*  The Tax Court directed that a commission and a letter of request under the Rules be issued authorizing the deposition of Mr. Sloan.  *Id.*  Pursuant to that direction, the Commission and Letter of Request were issued.  *Id.*, Exs. E & F.  On December 19, 2012, the Registrar of the Tax Court of Canada issued a Letter of Request directed to the Judicial Authorities of the United States of America.  *Id.*, Ex. F.  Mr. Sackman appealed the Tax Court's order.  *Id.* ¶ 12.  However, Mr. Sackman discontinued his appeal.  *Id.*

On April 19, 2013, pursuant to the December 19, 2012 Letter of Request, the Crown filed with this Court an *Ex Parte* Application For An Order Under 28 U.S.C. § 1782 For The Issuance Of A Subpoena To Paul Sloan For the Taking Of A Deposition For Use In A Foreign Proceeding.  *See In re Application of Her Majesty The Queen*, Case No. 2:13-mc-00144-UA-DUTY, Dkt. No. 1.  This Court granted the Crown's *Ex Parte* Application on April 22, 2013, and a subpoena to Mr. Sloan was

issued on May 6, 2013.  *Id.*, Dkt. Nos. 6, 7.  Mr. Sloan's deposition occurred on June 6, 2013.  Beaudry Decl., ¶ 13.

Following the deposition of Mr. Sloan, Mr. Sackman's counsel moved to recuse the judicial officer presiding over the *Sackman* Case and to seal the transcript, minutes and exhibits to Mr. Sloan's deposition.  *Id.*  On June 19, 2014, the Tax Court granted Mr. Sackman's request and the transcript, minutes and exhibits to Mr. Sloan's deposition were sealed and could not be used in the *Sackman* Case.  *Id.*, Ex. G.

Nevertheless, given the relevance of Mr. Sloan's testimony to the *Sackman* Case, on December 22, 2015, the newly assigned judge presiding over the *Sackman* Case, the Honourable E.P. Rossiter, the Chief Justice of the Tax Court, ordered that evidence be taken from Mr. Sloan on February 11, 2016 in Los Angeles, California, and that a Commission be prepared and issued to take this evidence.  Beaudry Decl., Ex. H; *see also, id.*, Ex. I.  On December 29, 2015, the Registrar of the Tax Court of Canada issued a Letter of Request to the "Judicial Authorities of the United States of America" requesting that the judicial authorities "locate" and "cause" Mr. Sloan "to appear before the Commissioner by the means ordinarily used in your jurisdiction" and "answer questions under oath or affirmation."  *Id.*, Ex. J.

## B.   Canadian Tax Court Proceedings.

The Tax Court is a federal superior court in the Canadian judicial system, and was established by the Tax Court of Canada Act.  Beaudry Decl., ¶ 2.  The Tax Court has exclusive jurisdiction over matters involving the litigation of tax issues between the Canadian government and Canadian taxpayers.  *Id.*  In cases like the one at bar—cases arising under the Income Tax Act—the Tax Court hears appeals by taxpayers taken from assessments or reassessments by the Minister of Revenue of the Canada Revenue Agency.  *Id.*

In an appeal before the Tax Court, the Crown is permitted to assert "Further Facts," which are allegations not before the Canada Revenue Agency in the assessment process.  Beaudry Decl., ¶ 3.  The Crown bears the burden of proving these "Further

Facts" during the appeal.  *Id.*

The proceedings before the Tax Court are governed by the Rules.  Beaudry Decl., ¶ 4.  The Rules provide for both parties to engage in discovery in order to obtain evidence necessary to litigate an appeal.  *Id.*, Ex. A.  In pertinent part, the Rules authorize the following discovery procedures:

- The Rules provide for the disclosure and inspection of documents within the possession and control of the parties and permit, upon application to the Tax Court, production of documents from non-parties.
- The Rules provide for oral examination of a party, and, upon seeking leave of the Tax Court, the oral examination of non-parties.
- The Rules provide for and explicitly authorize the oral examination of witnesses outside of Canada.
- The Rules provide for the admissibility and use of evidence obtained during discovery at the trial in the appeal.

*Id.*

The instant case has followed all of the regularized rules and procedures for a matter before the Tax Court.  Beaudry Decl., ¶ 5.  The Minister of Revenue examined Mr. Sackman's tax return filed for the 2000 taxation year and reassessed the amount of tax owed by Mr. Sackman.  *Id.*  Mr. Sackman was notified of this change by Notice of Reassessment, and Mr. Sackman filed an Objection to the reassessment on July 26, 2002.  *Id.*

On December 16, 2002, Mr. Sackman timely appealed the decision of the Minister of Revenue.  Beaudry Decl., ¶ 6.  Mr. Sackman filed an Amended Notice of Appeal on May 10, 2007.  *Id.*  The Crown initially responded to Mr. Sackman's Notice of Appeal on March 24, 2003, and later filed an Amended Reply to the Amended Notice of Appeal on June 23, 2010.  *Id.* ¶ 7.

C.    **The *Sackman* Case.**

The gravamen of the *Sackman* Case is a program involving the purchase and

donation of works of art for the purpose of obtaining tax donation credits. Beaudry Decl., ¶¶ 8-9; Ex. C, ¶ 11. Artistic, a Canadian company, marketed an art donation program (the "Artistic Program") in Canada. *Id.*, Ex. C, ¶ 11; Ex. D at Tab 2-B. In this program, Artistic offered that, for an investment of $3,500, participants would receive a donation receipt in the amount of $10,000. *Id.*, Ex. D at Tab 2-A. The artwork that was donated was actually donated on behalf of Mr. Sackman by Artistic, which obtained the artwork on his behalf from two entities known as Coleman Fine Arts ("Coleman") and Silver Fine Arts ("Silver"). *Id.*, Ex. C, ¶ 11; Ex. E. Coleman and Silver are both owned by Mr. Sloan. *Id.*, Ex. C, ¶ 11; Ex. E. Mr. Sloan, through Coleman and Silver, had a financial arrangement with Artistic in which Mr. Sloan would pay Artistic a 50% commission on any artwork sold by Artistic. *Id.*, Ex. D at Tab 2-B.

In 1998, 1999 and 2000, Mr. Sackman participated in the Artistic Program, and used tax donation credits to reduce his tax liability. Beaudry Decl., Ex. C, ¶ 11. Mr. Sackman claims that the artwork he bought and donated in 2000 had a value of $647,232. *Id.* The Crown's position is that the value of the artwork did not exceed $175,000, the price paid by Mr. Sackman to acquire the artwork. *Id.* The issue in the *Sackman* Case is the fair market value of artwork Mr. Sackman obtained from Mr. Sloan's entities through Artistic. *Id.* ¶ 8; Ex. C, ¶ 12; Ex. E.

**D.    Mr. Sloan Has Material and Key Evidence.**

The Crown's position is that one of the factors that must be considered in determining the fair market value of donated artwork is the circumstances leading to the donation. *Id.* ¶ 9. This includes both the origins of the art donation program, as well as the acquisition cost of the artwork to the promoters of the donation program. *Id.* As the owner of Coleman and Silver, Mr. Sloan has first-hand, personal knowledge regarding Coleman's and Silver's participation in the Artistic Program. *Id.* For example, Mr. Sloan has information regarding the price Coleman and Silver paid to acquire the artwork eventually used as part of the Artistic Program. *Id.* Indeed, Mr.

Sloan is the only person with this relevant knowledge.

Accordingly, Mr. Sloan's testimony is necessary and critical for the *Sackman* Case because the Crown's position is that it will establish the cost of the prints donated in the Artistic Program, as well as information regarding the nature of the Artistic Program. *Id.*, at Ex. E.

### E.   The Crown's Attempts to Obtain the Necessary Evidence Have Been Unsuccessful.

The Crown has made numerous attempts to obtain evidence regarding the acquisition costs for the artwork and the role of Mr. Sloan and others in the Artistic Program directly from Mr. Sackman. *Id.*, Ex. D, ¶ 10; Ex. D, at Tab 2, ¶ 19; Ex. D at Tabs 2-G, 2-I, 2-J, 2-O, 2-P, 2-Q & 2-R. Mr. Sackman, however, has rebuffed the Crown's efforts. *Id.*, Ex. D at Tabs 2-G, 2-I, 2-J, 2-O & 2-P. As a result, the Crown attempted to obtain the necessary evidence directly from Mr. Sloan. *Id.*, ¶ 10; Ex. D at Tab 2, ¶ 19; Ex. D at Tabs 2-Q & 2-R.

In August 2010, counsel for the Crown wrote Mr. Sloan inquiring whether Mr. Sloan would voluntarily appear as a witness for the Crown at the trial in the *Sackman* Case. *Id.*, Ex. D at Tab 2-Q. In a telephone conference between counsel for the Crown and Mr. Sloan, Mr. Sloan stated that he would not voluntarily attend a hearing in Canada. *Id.*, Ex. D at Tab 2, ¶ 19.

### III.   SECTION 1782 ENTITLES THE CROWN TO TAKE DISCOVERY FROM MR. SLOAN

### A.   The Crown Satisfies the Statutory Requirements of Section 1782.

Section 1782 authorizes federal district courts, "upon the application of any interested person," to order discovery of a "person [who] resides or is found" in the district "for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a); *In re Republic of Ecuador*, Case No. 10–80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010). The Crown easily satisfies the three statutory prerequisites for discovery pursuant to 28 U.S.C. § 1782.

Gibson, Dunn &
Crutcher LLP

8

First, Mr. Sloan resides or may be found in this district.  Publically available information confirms that Mr. Sloan "resides" or may be "found" in this district, as this information indicates that Mr. Sloan lives in Woodland Hills, California.  Declaration of Daniel L. Weiss ("Weiss Decl."), at Ex. B.  Counsel for the Crown has also sent letters to Mr. Sloan at this same address located in Woodland Hills, California.  Beaudry Decl., Ex. D at Tabs 2-Q & 2-R.  Further, once the Court grants the Crown's Application, the Crown intends to serve Mr. Sloan within the boundaries of this district, providing an independent basis for satisfaction of the first element of Section 1782.  Weiss Decl., ¶ 4; *see In re Edelman*, 295 F.3d 171, 180 (2d Cir. 2002) ("We hold that if a person is served with a subpoena while physically present in the district of the court that issued the discovery order, then for the purposes of § 1782(a), he is 'found' in that district.").

Second, the Crown intends to introduce the evidence obtained from Mr. Sloan in a foreign proceeding.  Beaudry Decl., ¶ 18.  The *Sackman* Case is before the Tax Court, which adjudicates appeals under the Income Tax Act and thus constitutes a foreign tribunal.  *See In re Letters of Request to Examine Witnesses from Court of Queen's Bench for Manitoba, Canada*, 59 F.R.D 625, 629 (N.D. Cal. 1973).  Further, the Crown intends to use Mr. Sloan's evidence in the *Sackman* Case, as one of the key issues in the case according to the Crown is defining the applicable market to determine the fair market value of the donated artwork.  Beaudry Decl., ¶¶ 8, 9, 18.  The Crown intends to use the expected testimony from Mr. Sloan to demonstrate that before Artistic created the donation market, there was no discernible market for the donated artwork.  *Id.*, Ex. E.  The Crown also intends to use Mr. Sloan's testimony to establish that Mr. Sloan acquired the donated artwork at a cost significantly less than the fair market price claimed by Mr. Sackman in his tax filings.  *Id.*

Third, as the respondent in the *Sackman* Case, the Crown is an interested party.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004) (a litigant in a foreign proceeding "may be the most common example of the 'interested

person[s]' who may invoke § 1782"); *see Lancaster Factoring Co. v. Mangone*, 90 F.3d 38, 42 (2d Cir. 1996) ("The legislative history to § 1782 makes plain that 'interested person' includes 'a party to the foreign . . . litigation'" (citing Senate Report at 8, 1964 U.S.C.C.A.N. at 3789)).

Accordingly, the Crown satisfies the statutory prerequisites set forth in Section 1782.

**B.    The *Intel* Discretionary Factors Favor Granting the Crown's Application.**

Where, as here, the Application meets the statutory requirements, the Supreme Court has directed that a court consider four factors to determine whether to exercise its discretion to grant a Section 1782 application:  (l) whether the person from whom discovery is sought is a participant (i.e., a party) in the foreign proceeding; (2) the receptivity of the foreign tribunal to federal court assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions; and (4) whether the request is unduly intrusive or burdensome.  *See, e.g.*, *Intel*, 542 U.S. at 264-65; *In re Premises Located at 840 140th Ave., N.E., Bellevue, Wash.*, 634 F.3d 557, 563 (9th Cir. 2011).  Further, these factors must be considered in light of the two goals of Section 1782:  providing efficient assistance to participants in a foreign proceeding and encouraging foreign courts to provide similar assistance to United States courts. *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2d Cir. 2004).  As detailed below, each factor weighs strongly in favor of granting the Crown's requested discovery.

*First*, Mr. Sloan is neither a party nor a participant in the *Sackman* Case.  *See Intel*, 542 U.S. at 264; *In re Roz Trading Ltd.*, Case No. 1:06-cv-02305-WSD, 2007 WL 120844, at *2 (N.D. Ga. Jan. 11, 2007) ("Respondent is not a party to the arbitration, and on this ground alone the first *Intel* factor is satisfied."); *Ahmad Hamad Algosaibi & Bros. Co. v. Standard Chartered Int'l (USA) Ltd.*, 785 F. Supp. 2d 434, 439 (S.D.N.Y. 2011) ("Certainly the fact that respondents are non-parties weighs in favor of granting the petition since, as non-parties to the foreign proceedings, the

foreign courts could not themselves order respondents to produce the requested discovery.").  Further, Mr. Sloan resides or can otherwise be found in Los Angeles, California, outside of the jurisdiction of the Tax Court.  Weiss Decl., Ex. B; Beaudry Decl., Ex. D at Tabs 2-Q & 2-R.  Thus, this is not a situation where "[the] foreign tribunal has jurisdiction over those appearing before it, and can order them to produce evidence."  *Intel*, 542 U.S. at 264.

*Second*, the Tax Court is receptive to assistance from this Court.  Indeed, the Tax Court has issued the Letter of Request.  Beaudry Decl., Ex. J; *In re Futurecorp Int'l Pty Ltd.*, Case No. C12-80267 MISC CRB (LB), 2012 WL 5818288, at *3 (N.D. Cal. Nov. 15, 2012).

*Third*, the Crown's Application is not an attempt to avoid foreign evidence-gathering restrictions.  Critically, the Rules provide for a specific procedure for conducting examinations of witnesses outside of Canada.  Beaudry Decl., Ex. A, §§ 112, 119-122; Ex. E.  Further, the Crown made a motion pursuant to the Rules for the Tax Court to issue a commission, and the Tax Court granted the Crown's request.  *Id.*, Exs. D, E, H, I.  Thus, the Tax Court has approved and authorized the Crown's request for a deposition of Mr. Sloan.  Simply put, the Crown's request for the deposition of Mr. Sloan is a good-faith effort to obtain probative evidence for use in the *Sackman* Case and is not an effort to avoid any evidence-gathering rules.

*Fourth*, the Crown's Application is not unduly intrusive or burdensome.  The Crown is simply requesting a deposition of Mr. Sloan, a nonintrusive, non-burdensome discovery technique.  *See London v. Does 1-4*, 279 F. App'x 513, 515 (9th Cir. 2008) (no undue burden "[g]iven the need for the evidence, and the minimal invasion required" where § 1782 request tailored narrowly).  The Tax Court has explicitly found that the evidence the Crown seeks from Mr. Sloan is relevant to the *Sackman* Case.  Beaudry Decl., Ex. E.  In fact, after full briefing regarding whether to issue a commission and letter of request for the deposition of Mr. Sloan, the Tax Court explicitly found that there is "no doubt" that the evidence the Crown seeks from Mr.

Sloan is relevant to the *Sackman* Case.  *Id.*  Further, the Crown sought to obtain the desired evidence from Mr. Sackman and has asked Mr. Sloan to voluntarily appear at the trial in the *Sackman* Case.  Its efforts to obtain the required evidence without a deposition of Mr. Sloan were unsuccessful.  *Id.*, Ex. D, ¶ 10; Ex. D, at Tab 2, ¶ 19; Ex. D at Tabs 2-G, 2-I, 2-J, 2-O, 2-P, 2-Q & 2-R.

Therefore, all of the discretionary factors weigh in favor of granting the Crown's Application.

**C.     The Crown's Filing of This Application *Ex Parte* and Without Prior Notice to Mr. Sloan is Warranted by the Interests of Justice.**

Applications for discovery pursuant to 28 U.S.C. § 1782 may be granted without first giving notice to the party from whom discovery is sought.  *See Republic of Ecuador*, 2010 WL 3702427, at *2-3.  In fact, "it is common for 'the process of presenting the request to a court and to obtain the order authorizing discovery' to be conducted *ex parte.*"  *Id.* at *2 (quoting *In re Letter of Request from Supreme Court*, 138 F.R.D. 27, 32 n.6 (S.D.N.Y. 1991)).  "Such ex parte applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it."  *Id.* (citing *In re Letters Rogatory from Tokyo Dist.*, 539 F.2d at 1219).

Further, issuing the Subpoena without notice will not prejudice Mr. Sloan.  To the extent that Mr. Sloan seeks to challenge the Subpoena, he will have sufficient time to retain counsel and move to quash or to seek a protective order.  This puts Mr. Sloan on equal footing with any person found in this district who is subject to the routine application of this Court's subpoena power.

Accordingly, the Court should grant the Crown's *ex parte* application for issuance of the Subpoena pursuant to Section 1782.

Gibson, Dunn &
Crutcher LLP

## IV.   CONCLUSION

For the foregoing reasons, the Crown respectfully requests that this Court grant this Application for the issuance of the Subpoena to Mr. Sloan under Section 1782.

Dated:  January 15, 2016                    Respectfully submitted,

                                           GIBSON, DUNN & CRUTCHER LLP


                                           By:_____/s/_____
                                                           Daniel L. Weiss

                                           Attorneys for Applicant,
                                           Her Majesty The Queen

Gibson, Dunn &
Crutcher LLP