MAURICE SUH, SBN 147485
  msuh@gibsondunn.com
DANIEL WEISS, SBN 242022
  dweiss@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Attorneys for Applicant,
Her Majesty The Queen

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re* Application of:<br><br>Her Majesty The Queen,<br><br>        Applicant,<br><br>For the Issuance of a Subpoena for the Taking of a Deposition In A Foreign Proceeding Pursuant to 28 U.S.C. § 1782 | CASE NO. 2:16-MC-00002<br><br>**DECLARATION OF MARTIN BEAUDRY IN SUPPORT OF *EX PARTE* APPLICATION FOR AN ORDER UNDER 28 U.S.C. § 1782 FOR THE ISSUANCE OF A SUBPOENA TO PAUL SLOAN FOR THE TAKING OF A DEPOSITION FOR USE IN A FOREIGN PROCEEDING** |

## DECLARATION OF MARTIN BEAUDRY

I, Martin Beaudry, declare as follows:

1. I am counsel in the Tax Law Services of the Department of Justice Canada. I am counsel of record for Her Majesty The Queen (the "Crown") in the case proceeding before the Tax Court of Canada, styled *Jeffrey Sackman v. Her Majesty the Queen*, Docket: 2002-4824(IT)G (the "*Sackman* Case"). Unless otherwise indicated, I have personal knowledge of the matters set forth herein, and would testify to these facts if called upon to do so.

2. The Tax Court of Canada (the "Tax Court") is a federal superior court in the Canadian judicial system, and was established by the Tax Court of Canada Act. The Tax Court has exclusive jurisdiction over matters involving the litigation of tax issues between the Canadian government and Canadian taxpayers. In cases arising under the Income Tax Act, the Tax Court hears appeals by taxpayers taken from decisions made by the Minister of Revenue of the Canada Revenue Agency.

3. In an appeal before the Tax Court, the Crown is permitted to assert "Further Facts," which are allegations not before the Canada Revenue Agency at the time of the initial assessment. The Crown bears the burden of proving these "Further Facts" during the appeal.

4. The proceedings before the Tax Court are governed by the Tax Court of Canada Rules (General Procedures) (the "Rules"). The rules provide for both parties to engage in discovery in order to obtain evidence necessary to litigate the appeal. A true and correct copy of an excerpt of the pertinent portion of the Rules is attached hereto as Exhibit A.

5. The *Sackman* case has followed all of the regularized rules and procedures for a matter before the Tax Court. The Minister of Revenue examined Mr. Sackman's tax return filed for the 2000 taxation year and reassessed the amount of tax owed by Mr. Sackman. Mr. Sackman was notified of this change by Notice of

Gibson, Dunn & Crutcher LLP

1

Reassessment, and Mr. Sackman filed an Objection to the reassessment on July 26, 2002.

6. On December 16, 2002, Mr. Sackman timely appealed the decision of the Minister of Revenue. Mr. Sackman filed an Amended Notice of Appeal on May 10, 2007. A true and correct copy of Mr. Sackman's Amended Notice of Appeal is attached hereto as Exhibit B.

7. The Crown initially responded to Mr. Sackman's Notice of Appeal on March 24, 2003, and later filed an Amended Reply to the Amended Notice of Appeal. A true and correct copy of the Crown's Amended Reply to the Amended Notice of Appeal dated June 23, 2010 is attached hereto as Exhibit C.

8. The key issue in dispute in the *Sackman* Case is the determination of the fair market value of the artwork. The Crown expects that Mr. Sackman will argue that although he purchased the artwork at a discount, there was in fact a retail market for the donated artwork and it is the retail value of the artwork that should be used to determine the amount of the tax deduction. On the other hand, it is the Crown's position that tax credits ought to be calculated on the basis that the amount Mr. Sackman paid for the artwork is the true fair market value of the artwork.

9. The Crown's position is that one of the factors that must be considered in determining the fair market value of donated artwork is the circumstances leading to the donation. This includes both the origins of the art donation program, as well as the acquisition cost of the artwork to the promoters of the donation program. As the owner of the corporations that provided the artwork for use in the donation program, Paul Sloan—a non-party—has first-hand, personal knowledge regarding his participation in the donation program and the acquisition costs for the artwork.

10. Counsel for the Crown made many attempts to obtain Mr. Sloan's evidence and determined that there was no alternative but to seek an Order for commission evidence. True and correct copies of the Crown's motion record and submissions, which detail these efforts, are attached as Exhibit D. On October 21,

2011, the Tax Court of Canada granted the motion and issued an Order permitting a commission to be held to obtain Mr. Sackman's evidence. Attached hereto as Exhibit E is a true and correct copy of this order and reasons.

11. Attached hereto as Exhibit F is a true and correct copy of the Letter of Request issued by the Registrar of the Tax Court, dated December 19, 2012.

12. Mr. Sackman appealed the Tax Court's order to the Canadian Federal Court of Appeal. However, Mr. Sackman voluntarily dismissed his appeal.

13. The deposition of Mr. Sloan occurred on June 6, 2013. Following the deposition, counsel for Mr. Sackman moved to recuse the judicial officer presiding over the *Sackman* Case and to seal the transcript, minutes and exhibits to Mr. Sloan's deposition.

14. Attached hereto as Exhibit G is a true and correct copy of on Order issued by the Tax Court, dated June 19, 2014.

15. Attached hereto as Exhibit H is a true and correct copy of an Order issued by the Tax Court, dated December 22, 2015.

16. Attached hereto as Exhibit I is a true and correct copy of the Direction issued by the Tax Court, dated December 23, 2015.

17. Attached hereto as Exhibit J is a true and correct copy of the Letter of Request issued by the Registrar of the Tax Court, dated December 29, 2015.

18. Counsel for the Crown intends to introduce the evidence obtained from Mr. Sloan's examination in the *Sackman* Case.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 13th day of January, 2016, at Ottawa, Ontario, Canada.

_____
Martin Beaudry

Gibson, Dunn & Crutcher LLP