A


Government of Canada / Gouvernement du Canada

## Justice Laws Website

Home | Laws Website Home | Consolidated Regulations | SOR/90-688a - Table of Contents | SOR/90-688a

**Tax Court of Canada Rules (General Procedure) (SOR/90-688a)**
Full Document: HTML | XML [414 KB] | PDF [957 KB]
   Regulations are current to 2013-03-18 and last amended on 2008-11-20. Previous Versions

Previous Page
Next Page

### USE AT HEARING

**89.** (1) Unless the Court otherwise directs, except with the consent in writing of the other party or where discovery of documents has been waived by the other party, no document shall be used in evidence by a party unless

(*a*) reference to it appears in the pleadings, or in a list or an affidavit filed and served by a party to the proceeding,

(*b*) it has been produced by one of the parties, or some person being examined on behalf of one of the parties, at the examination for discovery, or

(*c*) it has been produced by a witness who is not, in the opinion of the Court, under the control of the party.

(2) Unless the Court otherwise directs, subsection (1) does not apply to a document that is used solely as a foundation for or as part of a question in cross-examination or re-examination.

SOR/2008-303, s. 12.
Previous Version

### DISCLOSURE OR PRODUCTION NOT ADMISSION OF RELEVANCE

**90.** The disclosure or production of a document for inspection shall not be taken as an admission of its relevance or admissibility.

### EFFECT OF FAILURE TO DISCLOSE OR PRODUCE FOR INSPECTION

**91.** Where a person or party who is required to make discovery of documents under sections 78 to 91 fails or refuses without reasonable excuse to make a list or affidavit of documents or to disclose a document in a list or affidavit of documents or to produce a document for inspection and copying, or to comply with a judgment of the Court in relation to the production or inspection of documents, the Court may,

(*a*) direct or permit the person or party to make a list or affidavit of documents, or a further list or affidavit of documents,

(*b*) direct the person or party to produce a document for inspection and copying,

(*c*) except where the failure or refusal is by a person who is not a party, dismiss the appeal or allow the appeal as the case may be,

(*d*) direct any party or any other person to pay personally and forthwith the costs of the motion, any costs thrown away and the costs of any continuation of the discovery necessitated by the failure to disclose or produce, and

(*e*) give such other direction as is just.

### EXAMINATION FOR DISCOVERY

#### GENERAL

**92.** An examination for discovery may take the form of an oral examination or, at the option of

Tax Court of Canada Rules (General Procedure)                                    Page 2 of 2

WHO MAY BE EXAMINED

**93.** (1) A party to a proceeding may examine for discovery an adverse party once, and may examine that party more than once only with leave of the Court.

(2) A party to be examined, other than an individual or the Crown, shall select a knowledgeable current or former officer, director, member or employee, to be examined on behalf of that party, but, if the examining party is not satisfied with that person, the examining party may apply to the Court to name some other person.

(3) The Crown, when it is the party to be examined, shall select a knowledgeable current or former officer, servant or employee, nominated by the Deputy Attorney General of Canada, to be examined on behalf of that party, but, if the examining party is not satisfied with that person, the examining party may apply to the Court to name some other person.

(4) If a current or former officer, director or employee of a corporation or of the Crown has been examined, no other person may be examined without leave of the Court.

(5) Where an appeal is brought by a party under a legal disability,

(a) the representative for that party may be examined in place of that party; or

(b) at the option of the examining party, the party under a legal disability may be examined if that party is competent to give evidence.

If the representative referred to in paragraph (a) is a public official, that person may be examined only with leave of the Court.

(6) Where an appeal is brought by an assignee, the assignor may be examined in addition to the assignee.

(7) Where an appeal is brought by a trustee of the estate of a bankrupt, the bankrupt may be examined in addition to the trustee.

(8) Where a party is entitled to examine for discovery,

(a) more than one person under this section, or

(b) multiple parties who are in the same interest,

but the Court is satisfied that multiple examinations would be oppressive, vexatious or unnecessary, the Court may impose such limits on the right of discovery as are just.

SOR/2007-142, s. 11; SOR/2008-303, s. 13.
Previous Version

---

Previous Page
Next Page

89 ... 93              Go to page

Date modified: 2013-04-04

Case 2:16-mc-00002-MWF-AFM   Document 4-1   Filed 01/15/16   Page 4 of 18   Page ID #:57

  Government   Gouvernement                                                    Canada
           of Canada   du Canada

## Justice Laws Website

Home | Laws Website Home | Consolidated Regulations | SOR/90-688a - Table of Contents | SOR/90-688a

**Tax Court of Canada Rules (General Procedure) (SOR/90-688a)**
Full Document: HTML | XML [414 KB] | PDF [957 KB]
 Regulations are current to 2013-03-18 and last amended on 2008-11-20. Previous Versions

Previous Page
Next Page

### WHEN MAY EXAMINATION BE HELD

**94.** (1) A party who seeks to examine an appellant for discovery may serve a notice to attend under section 103 or a list of written questions under section 113 only after the reply has been filed and served and, unless the parties agree otherwise, a list of documents under section 81 or 82 has been filed and served.

(2) However, where it appears to the Court that it would be just to allow a party to examine an appellant for discovery other than in accordance with subsection (1) it may so direct.

(3) A party who seeks to examine a respondent for discovery may serve a notice to attend under section 103 or a list of written questions under section 113 only after the respondent has delivered a reply or where the time to do so has expired and, unless the parties agree otherwise, after the examining party has served a list of documents under section 81 or 82.

SOR/2007-142, s. 12.
Previous Version

### SCOPE OF EXAMINATION

**95.** (1) A person examined for discovery shall answer, to the best of that person's knowledge, information and belief, any proper question relevant to any matter in issue in the proceeding or to any matter made discoverable by subsection (3) and no question may be objected to on the ground that

   (*a*) the information sought is evidence or hearsay,

   (*b*) the question constitutes cross-examination, unless the question is directed solely to the credibility of the witness, or

   (*c*) the question constitutes cross-examination on the affidavit of documents of the party being examined.

(2) Prior to the examination for discovery, the person to be examined shall make all reasonable inquiries regarding the matters in issue from all of the party's officers, servants, agents and employees, past or present, either within or outside Canada and, if necessary, the person being examined for discovery may be required to become better informed and for that purpose the examination may be adjourned.

(3) A party may on an examination for discovery obtain disclosure of the findings, opinions and conclusions of an expert engaged by or on behalf of the party being examined that relate to a matter in issue in the proceeding including the expert's name and address, but the party being examined need not disclose the information or the name and address of the expert where,

   (*a*) the findings, opinions and conclusions of the expert relating to any matter in issue in the appeal were made or formed in preparation for contemplated or pending litigation and for no other purpose, and

   (*b*) the party being examined undertakes not to call the expert as a witness at the hearing.

(4) A party may on an examination for discovery obtain disclosure of the names and addresses of persons who might reasonably be expected to have knowledge of transactions or occurrences in

issue in the proceeding, unless the Court orders otherwise.

SOR/93-96, s. 13; SOR/2008-303, s. 14.
Previous Version

### EFFECT OF REFUSAL

**96.** (1) Where a party, or a person examined for discovery on behalf or in place of a party, has refused to answer a proper question or to answer a question on the ground of privilege, and has failed to furnish the information in writing not later than ten days after the proceeding is set down for hearing, the party may not introduce at the hearing the information refused on discovery, except with leave of the judge.

(2) The sanction provided by subsection (1) is in addition to the sanctions provided by section 110.

Previous Page
Next Page

94 ... 96        Go to page

Date modified: 2013-04-04

Tax Court of Canada Rules (General Procedure)  Page 1 of 2



# Justice Laws Website

Home | Laws Website Home | Consolidated Regulations | SOR/90-688a - Table of Contents | SOR/90-688a

**Tax Court of Canada Rules (General Procedure) (SOR/90-688a)**
Full Document: HTML | XML [414 KB] | PDF [957 KB]
  Regulations are current to 2013-03-18 and last amended on 2008-11-20. Previous Versions

Previous Page
Next Page

### EFFECT OF COUNSEL ANSWERING

**97.** Questions on an oral examination for discovery shall be answered by the person being examined but, where there is no objection, the question may be answered by counsel and the answer shall be deemed to be the answer of the person being examined unless, before the conclusion of the examination, the person repudiates, contradicts or qualifies the answer.

### INFORMATION SUBSEQUENTLY OBTAINED

**98.** (1) Where a party has been examined for discovery or a person has been examined for discovery on behalf or in place of, or in addition to the party, and the party subsequently discovers that the answer to a question on the examination,

  (*a*) was incorrect or incomplete when made, or

  (*b*) is no longer correct and complete,

the party shall forthwith provide the information in writing to every other party.

  (2) Where a party provides information in writing under subsection (1),

  (*a*) the adverse party may require that the information be verified by affidavit of the party or be the subject of further examination for discovery, and

  (*b*) the writing may be treated at a hearing as if it formed part of the original examination of the person examined.

  (3) Where a party has failed to comply with subsection (1) or a requirement under paragraph (2)(*a*), and the information subsequently discovered is,

  (*a*) favourable to that party's case, the party may not introduce the information at the hearing, except with leave of the judge, or

  (*b*) not favourable to that party's case, the Court may give such direction as is just.

### DISCOVERY OF NON-PARTIES WITH LEAVE

**99.** (1) The Court may grant leave, on such terms respecting costs and other matters as are just, to examine for discovery any person who there is reason to believe has information relevant to a material issue in the appeal, other than an expert engaged by or on behalf of a party in preparation for contemplated or pending litigation.

  (2) Leave under subsection (1) shall not be granted unless the Court is satisfied that,

  (*a*) the moving party has been unable to obtain the information from other persons whom the moving party is entitled to examine for discovery, or from the person sought to be examined,

  (*b*) it would be unfair to require the moving party to proceed to hearing without having the opportunity of examining the person, and

  (*c*) the examination will not,

    (i) unduly delay the commencement of the hearing of the proceeding,

Tax Court of Canada Rules (General Procedure)                                                Page 2 of 2

    (ii) entail unreasonable expense for other parties, or

    (iii) result in unfairness to the person the moving party seeks to examine.

(3) A party who examines a person orally under this section shall, if requested, serve any party who attended or was represented on the examination with the transcript free of charge, unless the Court directs otherwise.

(4) The examining party is not entitled to recover the costs of the examination from another party unless the Court expressly directs otherwise.

(5) The evidence of a person examined under this section may not be read into evidence at the hearing under subsection 100(1).

Previous Page
Next Page

97 ... 99      [ Go to page ]

Date modified: 2013-04-04

Tax Court of Canada Rules (General Procedure)                                    Page 1 of 2

 Government of Canada / Gouvernement du Canada

# Justice Laws Website

Home | Laws Website Home | Consolidated Regulations | SOR/90-688a - Table of Contents | SOR/90-688a

**Tax Court of Canada Rules (General Procedure) (SOR/90-688a)**
Full Document: HTML | XML [414 KB] | PDF [957 KB]
 Regulations are current to 2013-03-18 and last amended on 2008-11-20. Previous Versions

Previous Page
Next Page

### USE OF EXAMINATION FOR DISCOVERY AT HEARING

**100.** (1) At the hearing, a party may read into evidence as part of that party's own case, after that party has adduced all of that party's other evidence in chief, any part of the evidence given on the examination for discovery of

(a) the adverse party, or

(b) a person examined for discovery on behalf of or in place of, or in addition to the adverse party, unless the judge directs otherwise,

if the evidence is otherwise admissible, whether the party or person has already given evidence or not.

(1.1) The judge may, on request, allow the part of evidence referred to in subsection (1) to be read into evidence at a time other than that specified in that subsection.

(2) Subject to the provisions of the *Canada Evidence Act*, the evidence given on an examination for discovery may be used for the purpose of impeaching the testimony of the deponent as a witness in the same manner as any previous inconsistent statement by that witness.

(3) Where only part of the evidence given on an examination for discovery is read into or used in evidence, at the request of an adverse party the judge may direct the introduction of any other part of the evidence that qualifies or explains the part first introduced.

(3.1) A party who seeks to read into evidence under subsection (1) or who requests the judge to direct the introduction of evidence under subsection (3) may, with leave of the judge, instead of reading into evidence, file with the Court a photocopy or other copy of the relevant extracts from the transcripts of the examination for discovery, and when the copy is filed such extracts shall form part of the record.

(4) A party who reads into evidence as part of that party's own case evidence given on an examination for discovery of an adverse party, or a person examined for discovery on behalf of or in place of or in addition to an adverse party, may rebut that evidence by introducing any other admissible evidence.

(5) The evidence given on the examination for discovery of a party under legal disability may be read into or used in evidence at the hearing only with leave of the judge.

(6) Where a person examined for discovery,

(a) has died,

(b) is unable to testify because of infirmity or illness,

(c) for any other sufficient reason cannot be compelled to attend at the hearing, or

(d) refuses to take an oath or make an affirmation or to answer any proper question,

any party may, with leave of the judge, read into evidence all or part of the evidence given on the examination for discovery as the evidence of the person examined, to the extent that it would be admissible if the person were testifying in Court.

(7) In deciding whether to grant leave under subsection (6), the judge shall consider,

(a) the extent to which the person was cross-examined on the examination for discovery,

(b) the importance of the evidence in the proceeding,

(c) the general principle that evidence should be presented orally in Court, and

(d) any other relevant factor.

(8) Where an appeal has been discontinued or dismissed and another appeal involving the same subject matter is subsequently brought between the same parties or their representatives or successors in interest, the evidence given on an examination for discovery taken in the former appeal may be read into or used in evidence at the hearing of the subsequent appeal as if it had been taken in the subsequent appeal.

SOR/96-503, s. 2; SOR/2008-303, s. 15.
Previous Version

Previous Page
Next Page

100    Go to page

Date modified: 2013-04-04

Government of Canada | Gouvernement du Canada

Canada

## Justice Laws Website

Home | Laws Website Home | Consolidated Regulations | SOR/90-688a - Table of Contents | SOR/90-688a

**Tax Court of Canada Rules (General Procedure) (SOR/90-688a)**
Full Document: HTML | XML [414 KB] | PDF [957 KB]
   Regulations are current to 2013-03-18 and last amended on 2008-11-20. Previous Versions

Previous Page
Next Page

### EXAMINATIONS OUT OF COURT

#### APPLICATION OF SECTIONS 102 TO 112

**101.** Sections 102 to 112 apply to all oral examinations for which provision is made in these rules including,

(*a*) an oral examination for discovery,

(*b*) the taking of evidence before hearing,

(*c*) the cross-examination on an affidavit, and

(*d*) the examination out of Court of a witness before hearing of a pending motion.

#### MODE OF EXAMINATION

**102.** (1) An oral examination shall be held before a person agreed upon by the parties, who may be the verbatim reporter, or some other person if directed by the Court.

(2) Unless otherwise directed by the Court or the parties otherwise agree, an examination that takes place in Canada shall be under oath or upon affirmation as provided in the *Canada Evidence Act*.

(3) Unless otherwise directed by the Court, or the parties otherwise agree, an examination shall be recorded by a verbatim reporter and arrangements for the attendance of a reporter shall be made by the party conducting the examination, who shall pay the reporter's fees.

(4) If the person being examined understands neither English nor French, or is deaf or mute, the examining party shall provide and pay the fees and disbursements of a competent and independent interpreter who shall take an oath or make an affirmation to interpret accurately the administration of the oath or affirmation, the questions to be put to the person being examined and the person's answers.

(5) Where the examination is to be conducted in one of the official languages and the person to be examined would prefer to be examined in the other official language, the examining party shall advise the Registrar, and the Registrar shall then appoint an interpreter, at no cost to the parties, who shall take an oath or make an affirmation to interpret accurately the administration of the oath or affirmation and the questions to be put to the person being examined and the person's answers.

(6) The transcript of the examination shall be certified as correct by the person who recorded the examination, but need not be read to or signed by the person examined.

SOR/2004-100, s. 13(F); SOR/2008-303, s. 16.
Previous Version

#### MANNER OF REQUIRING ATTENDANCE

**103.** (1) Where the person to be examined is a party to the proceeding, a notice to attend shall be served (Form 103(1)),

(*a*) on the party's counsel of record, or

(b) where the party acts in person, on the party, personally and not by an alternative to personal service.

(2) Where a person is to be examined on behalf or in place of a party, a notice to attend shall be served,

(a) on the party's counsel of record, or

(b) on the person to be examined, personally and not by an alternative to personal service.

(3) Where a person is to be cross-examined on an affidavit, a notice to attend shall be served,

(a) on the counsel for the party who filed the affidavit, or

(b) where the party who filed the affidavit acts in person, on the person to be cross-examined, personally and not by an alternative to personal service.

(4) Where the person to be examined,

(a) is neither a party nor a person referred to in subsection (2) or (3), and

(b) resides in Canada,

the person shall be served with a subpoena personally and not by an alternative to personal service and the provisions of section 141 apply with such modifications as are necessary. (Form 103(4))

(5) When a subpoena is served on a person, witness fees and expenses calculated in accordance with Schedule II, Tariff A shall be paid or tendered to the witness at the same time.

(6) Section 142 (compelling attendance of witness in custody) applies to the securing of the attendance for examination of a person in custody.

Previous Page
Next Page

101 ... 103    [ Go to page ]

Date modified: 2013-04-04

Government   Gouvernement                                    Canada
of Canada    du Canada

**Justice Laws Website**

Home | Laws Website Home | Consolidated Regulations | SOR/90-688a - Table of Contents | SOR/90-688a

Tax Court of Canada Rules (General Procedure) (SOR/90-688a)
Full Document: HTML | XML [414 KB] | PDF [957 KB]
    Regulations are current to 2013-03-18 and last amended on 2008-11-20. Previous Versions

Previous Page
Next Page

### NOTICE OF TIME AND PLACE

**104.** The person to be examined shall be given not less than ten days notice of the time and place of the examination, unless the Court directs otherwise.

### PRODUCTION OF DOCUMENTS ON EXAMINATION

**105.** (1) Unless the parties otherwise agree, or the Court otherwise directs, the person to be examined shall bring to the examination and produce for inspection,

  (a) on an examination for discovery, all documents as required by subsection 85(3), and

  (b) on all other examinations, such documents as may be required by subsection 105(3).

  (2) Where a person admits, on an examination, that he or she has possession or control of or power over any other document that relates to a matter in issue in the proceeding and that is not privileged, the person shall produce it for inspection by the examining party forthwith, if the person has the document at the examination, and if not, within ten days thereafter, unless the Court directs otherwise.

  (3) The notice to attend for examination or subpoena may require the person to be examined to bring to the examination and produce for inspection,

  (a) all documents and things relevant to any matter in issue in the proceeding that are in that person's possession, control or power and that are not privileged, or

  (b) such documents or things described in paragraph (a) as are specified in the notice or subpoena,

unless the Court directs otherwise.

SOR/2008-303, s. 17.
Previous Version

### RE-EXAMINATION

**106.** (1) A person being examined for discovery may be re-examined by his or her own counsel.

  (2) A person being cross-examined on his or her affidavit may be re-examined by his or her own counsel.

  (3) The re-examination shall take place immediately after the examination or cross-examination and shall not take the form of a cross-examination.

### OBJECTIONS AND RULINGS

**107.** (1) Where a question is objected to, the objector shall state briefly the reason for the objection, and the question and the brief statement shall be recorded.

  (2) A question that is objected to may be answered with the objector's consent, and where the question is answered, a ruling shall be obtained from the Court before the evidence is used at a hearing.

(3) A ruling on the propriety of a question that is objected to and not answered may be obtained on motion to the Court.

IMPROPER CONDUCT OF EXAMINATION

**108.** (1) An examination may be adjourned by the person being examined or by a party present or represented at the examination, for the purpose of moving for directions with respect to the continuation of the examination or for an order terminating the examination or limiting its scope, where,

(*a*) the right to examine is being abused by an excess of improper questions or interfered with by an excess of improper interruptions or objections,

(*b*) the examination is being conducted in bad faith, or in an unreasonable manner so as to annoy, embarrass or oppress the person being examined,

(*c*) many of the answers to the questions are evasive, unresponsive or unduly lengthy, or

(*d*) there has been a neglect or improper refusal to produce a relevant document on the examination.

(2) Where the Court finds that,

(*a*) a person's improper conduct necessitated a motion under subsection (1), or

(*b*) a person improperly adjourned an examination under subsection (1),

the Court may direct the person to pay personally and forthwith the costs of the motion, any costs thrown away and the costs of any continuation of the examination and the Court may fix the costs and give such other direction as is just.

Previous Page
Next Page

104 ... 108    Go to page

Date modified: 2013-04-04

Tax Court of Canada Rules (General Procedure) Page 1 of 2

 **Government  Gouvernement
of Canada  du Canada**

Canada

## Justice Laws Website

Home | Laws Website Home | Consolidated Regulations | SOR/90-688a - Table of Contents | SOR/90-688a

**Tax Court of Canada Rules (General Procedure) (SOR/90-688a)**
Full Document: HTML | XML [414 KB] | PDF [957 KB]
   Regulations are current to 2013-03-18 and last amended on 2008-11-20. Previous Versions

Previous Page
Next Page

### VIDEOTAPING OR OTHER RECORDING OF EXAMINATION

**109.** (1) On consent of the parties or by direction of the Court, an examination may be recorded by videotape or other similar means and the tape or other recording may be filed for the use of the Court along with the transcript.

(2) Section 111 applies, with necessary modifications, to a tape or other recording made under subsection (1).

### SANCTIONS FOR DEFAULT OR MISCONDUCT BY PERSON TO BE EXAMINED

**110.** Where a person fails to attend at the time and place fixed for an examination in the notice to attend or subpoena, or at the time and place agreed on by the parties, or refuses to take an oath or make an affirmation, to answer any proper question, to produce a document or thing that that person is required to produce or to comply with a direction under section 108, the Court may,

(*a*) where an objection to a question is held to be improper, direct or permit the person being examined to reattend at that person's own expense and answer the question, in which case the person shall also answer any proper questions arising from the answer,

(*b*) where the person is a party or, on an examination for discovery, a person examined on behalf of or in place of a party, dismiss the appeal or allow the appeal as the case may be,

(*c*) strike out all or part of the person's evidence, including any affidavit made by the person, and

(*d*) direct any party or any other person to pay personally and forthwith costs of the motion, any costs thrown away and the costs of any continuation of the examination.

### FILING OF TRANSCRIPT

**111.** (1) It is the responsibility of a party who intends to refer to evidence given on an examination to have a copy of the transcript of the examination available for filing with the Court.

(2) A copy of a transcript for the use of the Court at hearing shall not be filed until a party refers to it at hearing, and the presiding judge may read only the portions to which a party refers.

### EXAMINATION WHERE PERSON OUTSIDE CANADA

**112.** (1) Where the person to be examined resides outside of Canada the Court may determine,

(*a*) whether the examination is to take place in or outside of Canada,

(*b*) the time and place of the examination,

(*c*) the minimum notice period,

(*d*) the amount of witness fees and expenses to be paid to the person to be examined, and

(*e*) any other matter respecting the holding of the examination.

(2) Where the person is to be examined outside of Canada, the direction under subsection (1) shall, if the moving party requests it, provide for the issuing of,

(*a*) a commission (Form 112(2)(*a*)) authorizing the taking of evidence before a named commissioner, and

(*b*) a letter of request (Form 112(2)(*b*) — REQUEST) directed to the judicial authorities of the jurisdiction in which the person is to be found, requesting the issuing of such process as is necessary to compel the person to attend and be examined before the commissioner, and the direction shall be in Form 112(2)(*b*)A — DIRECTION.

(3) The commission and letter of request shall be prepared and issued by the Registrar.

(4) Where the person to be examined resides outside of Canada and is not a party or a person to be examined on behalf of or in place of a party, the examining party shall pay or tender to the person to be examined the amount of witness fees and expenses fixed under subsection (1).

(5) A commissioner shall, to the extent that it is possible to do so, conduct the examination in the form of oral questions and answers in accordance with these rules, the laws of evidence of Canada and the terms of the commission, unless some other form of examination is required by the judgment or the law of the place where the examination is conducted.

(6) As soon as the transcript of the examination is prepared the commissioner shall,

(*a*) return the commission, together with the original transcript and exhibits, to the Registrar who issued it,

(*b*) keep a copy of the transcript and, where practicable, the exhibits, and

(*c*) notify the parties who appeared at the examination that the transcript is complete and has been returned to the Registrar who issued the commission.

(7) The Registrar shall send the transcript to the counsel for the examining party and the counsel shall, if requested, forthwith serve every other party with the transcript free of charge.

SOR/2004-100, s. 14(F).

Previous Page
Next Page

109 ... 112      Go to page

Date modified:   2013-04-04

Tax Court of Canada Rules (General Procedure)                    Page 1 of 2

Government of Canada | Gouvernement du Canada

Canada

**Justice Laws Website**

Home | Laws Website Home | Consolidated Regulations | SOR/90-688a - Table of Contents | SOR/90-688a

**Tax Court of Canada Rules (General Procedure) (SOR/90-688a)**
Full Document: HTML | XML [414 KB] | PDF [957 KB]
    Regulations are current to 2013-03-18 and last amended on 2008-11-20. Previous Versions

Previous Page
Next Page

PROCEDURE ON EXAMINATION FOR DISCOVERY BY WRITTEN QUESTIONS

QUESTIONS

**113.** An examination for discovery by written questions and answers shall be conducted by serving a list of the questions to be answered on the person to be examined. (Form 113)

ANSWERS

**114.** Written questions shall be answered by the affidavit of the person being examined, served on the examining party within thirty days after service of the list of questions. (Form 114)

OBJECTIONS

**115.** An objection to answering a written question shall be made in the affidavit of the person being examined, with a brief statement of the reason for the objection.

FAILURE TO ANSWER

**116.** (1) Where the examining party is not satisfied with an answer or where an answer suggests a new line of questioning, the examining party may, within fifteen days after receiving the answer, serve a further list of written questions which shall be answered within thirty days after service.

(2) Where the person being examined refuses or fails to answer a proper question or where the answer to a question is insufficient, the Court may direct the person to answer or give a further answer to the question or to answer any other question either by affidavit or on oral examination.

(3) Where the Court is satisfied, on reading all the answers to the written questions, that some or all of them are evasive, unresponsive or otherwise unsatisfactory, the Court may direct the person examined to submit to oral examination on such terms respecting costs and other matters as are just.

(4) Where a person refuses or fails to answer a proper question on a written examination or to produce a document which that person is required to produce, the Court may, in addition to imposing the sanctions provided in subsections (2) and (3),

(*a*) if the person is a party or a person examined on behalf of or in place of a party, dismiss the appeal or allow the appeal as the case may be,

(*b*) strike out all or part of the person's evidence, and

(*c*) give such other direction as is just.

IMPROPER CONDUCT OF WRITTEN EXAMINATION

**117.** On motion by the person being examined, or by any party, the Court may terminate the written examination or limit its scope where,

(*a*) the right to examine is being abused by an excess of improper questions, or

(*b*) the examination is being conducted in bad faith, or in an unreasonable manner so as to annoy, embarrass or oppress the person being examined.

FILING QUESTIONS AND ANSWERS

**118.** Sanction 111 applies, with necessary modifications, to the filing of written questions and answers for the use of the Court.

TAKING EVIDENCE BEFORE HEARING

WHERE AVAILABLE

**119.** (1) A party who intends to introduce the evidence of a person at a hearing may, with leave of the Court or the consent of the parties, examine the person on oath or affirmation before the hearing for the purpose of having the person's testimony available to be tendered as evidence at the hearing.

(2) In exercising its discretion to direct an examination under subsection (1), the Court shall take into account,

(*a*) the convenience of the person whom the party seeks to examine,

(*b*) the possibility that the person will be unavailable to testify at the hearing by reason of death, infirmity or sickness,

(*c*) the possibility that the person will be beyond the jurisdiction of the Court at the time of the hearing,

(*d*) the expense of bringing the person to the hearing,

(*e*) whether the witness ought to give evidence in person at the hearing, and

(*f*) any other relevant consideration.

(3) Before moving for leave to examine an expert witness under subsection (1), the moving party shall serve on every other party the report of the expert witness referred to in subsection 145(2) unless the Court directs otherwise.

Previous Page
Next Page

113 ... 119      Go to page

Date modified: 2013-04-04

**Government of Canada | Gouvernement du Canada**

**Canada**

# Justice Laws Website

Home | Laws Website Home | Consolidated Regulations | SOR/90-688a - Table of Contents | SOR/90-688a

**Tax Court of Canada Rules (General Procedure) (SOR/90-688a)**
Full Document: HTML | XML [414 KB] | PDF [957 KB]
    Regulations are current to 2013-03-18 and last amended on 2008-11-20. Previous Versions

Previous Page
Next Page

## PROCEDURE

**120.** (1) Subject to subsection (2), sections 101 to 112 apply to the examination of a witness under section 119, unless the Court directs otherwise.

(2) A witness examined under section 119 may be examined, cross-examined and re-examined in the same manner as a witness at a hearing.

## EXAMINATIONS OUTSIDE CANADA

**121.** Where a direction is given under section 119 for the examination of a witness outside of Canada, the direction shall, if the moving party requests it, provide for the issuing of a commission and letter of request under section 112 and for the taking of the evidence of the witness and, on consent of the parties, any other witness in the same jurisdiction, and the direction shall be in Form 112(2)(*b*)A — DIRECTION.

## USE AT HEARING

**122.** (1) Any party may use at the hearing the transcript and a videotape or other recording of an examination under sections 119 and 121 as the evidence of the witness, unless the Court directs otherwise for any sufficient reason.

(2) A witness whose evidence has been taken under section 119 or 121 shall not be called to give evidence at the hearing, except with leave of the judge.

(3) Use of evidence taken under section 119 or 121 is subject to any ruling by the judge respecting its admissibility.

(4) The transcript and a videotape or other recording may be filed with the Court at the hearing and need not be read or played at the hearing unless a party or the judge requires it.

## LISTING FOR HEARING

### HOW APPEAL IS SET DOWN FOR HEARING

**123.** (1) After the close of pleadings, any party to an appeal, who is not in default under these rules or a judgment of the Court and who is ready for hearing, may apply in writing to the Registrar to fix the time and place of hearing.

(2) Where all parties agree on the making of a joint application, it shall be made in Form 123.

(3) Where all parties do not agree on making a joint application, the party making the application shall file a memorandum containing the information, as far as the applicant is concerned, required in Form 123 and shall serve a copy of the memorandum on all other parties and those parties shall, within ten days of service of the memorandum, file and serve on the party applying a similar memorandum.

(4) Subject to any direction by the Chief Justice, the Registrar, or a person designated by the Registrar or the Chief Justice, may,

(*a*) upon receipt of a joint application,

(*b*) upon receipt of an application and of the separate memorandum of each party, or