E



Tax Court of Canada      Cour canadienne de l'impôt

October 24, 2011

3-504992
JC

Jenna L. Clark
Department of Justice
Tax Litigation Section
Suite 3400, Box 36, 130 King Street West
Toronto, Ontario    M5X 1K6

Dear Sir/Madam:

      RE:    Jeffrey Sackman
                v. Her Majesty the Queen
                2002-4824(IT)G

We enclose herewith a certified true copy of the Order and Reasons for Order in the above-noted matter.

Yours truly,

For the Registrar



Encl.

ADDRESS ALL COMMUNICATIONS TO THE REGISTRAR
ADRESSER TOUTE DEMANDE AU GREFFIER
TEL./TÉL. : 1-800-927-5499

PRINCIPAL OFFICE/BUREAU PRINCIPAL
200 KENT STREET
200, RUE KENT
OTTAWA, ONTARIO K1A 0M1
TEL./TÉL. : (613) 992-0901
FAX : (613) 957-9034

REGIONAL OFFICE/BUREAU RÉGIONAL
30 MCGILL STREET
30, RUE McGILL
MONTRÉAL, QUÉBEC
MONTRÉAL (QUÉBEC) H2Y 3Z7
TEL./TÉL. : (514) 283-9912
FAX : (514) 496-1996

REGIONAL OFFICE/BUREAU RÉGIONAL
SUITE 200 / BUREAU 200
180 QUEEN STREET WEST
180, RUE QUEEN OUEST
TORONTO, ONTARIO M5V 3L6
TEL./TÉL. : (416) 973-9181
FAX : (416) 973-5944

REGIONAL OFFICE/BUREAU RÉGIONAL
IBM TOWER / TOUR IBM
SUITE 300 / BUREAU 300
701 WEST GEORGIA STREET
701, RUE WEST GEORGIA
VANCOUVER, B.C.
VANCOUVER (C.-B.) V7Y 1K1
TEL./TÉL. : (604) 666-7987
FAX : (604) 666-7967

ntm11D_AX.doc



Tax Court of Canada     Cour canadienne de l'impôt

Docket: 2002-4824(IT)G

BETWEEN:

JEFFREY SACKMAN,

Appellant,

and

HER MAJESTY THE QUEEN,

Respondent.

Motion heard on October 14, 2011 at Toronto, Ontario

Before: The Honourable Justice Valerie Miller

Appearances:

| | |
|---|---|
| Counsel for the Appellant: | Matthew Sokolsky |
| Counsel for the Respondent: | Martin Beaudry |
| | Jenna Clark |

## ORDER

UPON motion by the Respondent seeking Directions for leave to examine Paul Sloan in California, USA, before the hearing, on oath or affirmation for the purpose of having his testimony to be tendered as evidence at the hearing of the appeal;

AND UPON hearing the submissions of counsel for both parties;

AND the Respondent having requested the issuance of a Commission and Letter of Request with respect to the witness referred to above;

Page: 2

THE COURT DIRECTS AS FOLLOWS:

1. The evidence of the witness Paul Sloan, 6041 Fenwood Avenue, Woodland Hills, CA 91367-3117, shall be taken on oath or affirmation in California, USA, before the hearing and shall be recorded in California at a time and place to be determined.

2. The Respondent is required to pay witness fees in the amount fixed by the Tax Court of Canada in addition to reasonable expenses incurred by Paul Sloan to be examined by the commission.

3. The Registrar shall prepare and issue a commission naming a judge of the Tax Court of Canada as Commissioner to take the evidence of the witness for use in the hearing.

4. The Registrar shall prepare a Letter of Request addressed to the judicial authorities of the State of California, USA, requesting the issuing of such process as is necessary to compel the witness to attend and be examined before the Commissioner.

THE COURT FURTHER ORDERS THAT:

5. All issues relating to costs with respect to this motion shall be left to the discretion of the trial judge.

6. All expenses incurred by the Commissioner and the Court Registrar with respect to the commission evidence of Paul Sloan shall be paid in advance by way of security referred to in paragraph 10 hereof by the Respondent.

7. Reasonable travel expenses incurred by the Appellant with respect to the commission evidence of Paul Sloan, with the exception of professional fees, shall be reimbursed by the Respondent.

8. The reimbursement of travel expenses incurred by the Appellant shall be limited to economy class travel for two people, hotel costs up to $200 per

Page: 3

night per room, and meals and incidentals at the rates prescribed by the Treasury Board Secretariat for government travelers.

9. With respect to paragraphs 6, 7 and 8 of this Order, the ultimate reimbursement of costs shall be left to the discretion of the trial judge.

10. The Respondent shall deposit with the Tax Court of Canada, on or before November 18, 2011 the initial sum of Cdn $25,000.00 as security for the Court's expenses which shall include the expenses of the Commissioner and Court Registrar.

Signed at Ottawa, Canada, this 21st day of October 2011.

"V.A. Miller"
_____
V.A. Miller J.

I HEREBY CERTIFY that the above document is a true copy of the original filed of record in the registry of the Tax Court of Canada.

Je CERTIFIE que le document ci-dessus est une copie conforme à l'original déposé au greffe de la Cour canadienne de l'impôt.

Dated: OCT 2 4 2011

For the Registrar / Pour le Greffier

Appeals Processing Clerk/Commis, Traitement des appels



Tax Court of Canada          Cour canadienne de l'impôt

Citation: 2011TCC492
Date: 20111021
Docket: 2002-4824(IT)G

BETWEEN:

JEFFREY SACKMAN,

Appellant,

and

HER MAJESTY THE QUEEN,

Respondent.

**REASONS FOR ORDER**

V.A. Miller J.

[1]  The Respondent has brought a motion in which she seeks Directions authorizing the issue of a commission to examine Paul Sloan, a resident of California, before the hearing of this appeal for the purpose of having his testimony tendered as evidence at the hearing of this appeal. The motion is brought pursuant to sections 112, 119, 120, 121 and 122 of the *Tax Court of Canada Rules (General Procedure)* (the *"Rules"*).

[2]  The main issue in the appeal is the fair market value of prints which were donated by the Appellant to various charities in the 1999 and 2000 taxation years. The Appellant obtained the prints from Artistic Ideas Inc. ("Artistic") who acted as agent[1] for Coleman Fine Arts ("Coleman") and Silver Fine Arts ("Silver"), both of which were owned by Paul Sloan.

[3]  Counsel for the Respondent submitted that Paul Sloan's evidence is material to the Respondent's theory of the case. The Respondent has pled "Further Facts" in its Reply concerning the nature of the donation program as well as the source and cost of the prints to Coleman and Silver. These "Further Facts" were not included in the assumptions made by the Minister of National Revenue (the "Minister") and the Respondent bears the burden of proving them. It is the Respondent's position that only Paul Sloan can give this evidence.

Page: 2

[4]  The affidavit filed by the Respondent established the following facts:

   a) The Appellant appointed Artistic as its agent to donate the prints to charities in return for charitable donation receipts.

   b) The Appellant understood that he purchased art from Coleman and Silver but he had no information how Coleman and Silver obtained the prints.

   c) The Appellant has no knowledge of the cost of the prints to Artistic or Coleman or Silver.

   d) Paul Sloan gave commission evidence in the appeal of *Artistic Ideas Inc. v Canada*, 2008 TCC 452. This evidence would assist the Respondent with its theory of this appeal. The Respondent served the Appellant with a Request to Admit certain facts which were based on the commission evidence given by Paul Sloan and the Appellant has refused to admit any of the facts and documents in the Request to Admit on the basis that he had no knowledge of them.

   e) The Respondent wrote to Paul Sloan to discuss and request his voluntary attendance as a witness at the hearing. During a telephone conversation with counsel for the Respondent, Paul Sloan stated that he would not voluntarily attend at the hearing in Canada.

[5]  In a letter dated March 1, 2011, counsel gave the following reasons for not consenting to the motion;

   (i)  Mr. Sloan's evidence is not material. The CRA knows how much Mr. Sackman paid for the art. Based on prior authorities that is the least amount that he will receive as a tax credit. Based upon the Crown's position that there is a "tax donation market" the price paid by Mr. Sackman is the price in that market;

   (ii) To the extent that Mr. Sloan was involved with Artistic Ideas Inc. ("Artistic") we already went through an extensive exercise to have a representative of Artistic produced for discovery. The Crown should have brought this motion at that time with respect to Mr. Sloan. The Crown's request will delay matters. My client is anxious, as he has been throughout these proceedings to have the matter finally resolved;

Case 2:16-mc-00002-MWF-AFM Document 4-4 Filed 01/15/16 Page 8 of 11 Page ID #:117

Page: 3

> (iii) The Crown has already examined Artistic. A representative of Artistic will be compellable to attend trial as a witness in Ontario. Artistic can give evidence about the "tax scheme". Mr. Sloan is redundant.

[6] In exercising my discretion under section 119 of the *Rules* to direct an examination prior to the hearing of the appeal for the purpose of having the person's testimony available to be tendered as evidence at the hearing, I must take into account:

> (a) the convenience of the person whom the party seeks to examine,
>
> (b) the possibility that the person will be unavailable to testify at the hearing by reason of death, infirmity or sickness,
>
> (c) the possibility that the person will be beyond the jurisdiction of the Court at the time of the hearing,
>
> (d) the expense of bringing the person to the hearing,
>
> (e) whether the witness ought to give evidence in person at the hearing, and
>
> (f) any other relevant consideration.

[7] In addition, I must be satisfied that the Respondent has met the tests for commission evidence which have been applied by the courts. Those tests were listed by Addy, J. in *M.N.R. v Javelin Foundries & Machine Works Ltd.*, [1978] C.T.C. 597 (FCTD) as:

> 13 There is no question but that the granting of a commission is a discretionary matter which must be dealt with according to the particular circumstances of each case. As to the method of exercising that discretion, I am in general agreement with the tests enumerated by Osler, JA in the case of *Ferguson v Millican* (1905), 11 O.R. 35 at 39, which tests were approved and applied by the late Steward, J in *Niewiadomski v Longdon*, [1956] O.W.N. 762. According to these authorities the court must be satisfied that:
>
> 1. the application is made bona fide;
>
> 2. the issue is one which the court ought to try;
>
> 3. the witnesses to be examined can give evidence material to the issue;
>
> 4. there is some good reason why they cannot be examined here.

Page: 4

[8] In the present motion, the application is made *bone fide*; the issue is one which the court ought to try; and, there is good reason why the witness cannot be examined here. The only issue, and indeed the only relevant ground on which the Appellant has opposed this motion, is whether Paul Sloan's evidence is material to this appeal.

[9] The Respondent has made the following submission:

> 26. The respondent's theory of the case is that there was no identifiable market for the prints before Coleman, Silver and Artistic created a market through the donation program. Mr. Sloan is able to give evidence concerning the origins of the donation program and the absence of any discernible market for the artwork before it was packaged as part of the Artistic program. His testimony is also necessary to authenticate documents necessary to challenge the appellant's anticipated expert evidence.

[10] There is no doubt that the evidence sought from Paul Sloan is material to the issue in this appeal and to the Respondent's theory of the case. She has been unsuccessful in her attempts to have the transcript of Paul Sloan's commission testimony or the facts that arise from that testimony entered as evidence in this appeal and Paul Sloan has refused to come to Canada.

[11] The Respondent is entitled "to put its best foot forward in this litigation"[2] and she is entitled to obtain the evidence she needs to accomplish this.

[12] For these reasons, I direct a Commission and a Letter of Request under section 112 of the *Rules* be issued which authorizes the taking of evidence of Paul Sloan on oath or affirmation in the jurisdiction of California, USA before the hearing of this appeal. I also direct pursuant to section 122 of the *Rules* that the transcript and recording of Paul Sloan's testimony may be used by any party at the hearing of this appeal as the evidence of Paul Sloan. The Commissioner can make the decision whether the taking of Paul Sloan's evidence should be videotaped.

[13] The motion is allowed. Costs of this motion are left to the discretion of the trial judge.

Signed at Ottawa, Canada, this 21st day of October 2011.

"V.A. Miller"
V.A. Miller J.

I HEREBY CERTIFY that the above document is a true copy of the original filed of record in the registry of the Tax Court of Canada.

Je CERTIFIE que le document ci-dessus est une copie conforme à l'original déposé au greffe de la Cour canadienne de l'impôt.

Dated / Fait le  OCT 2 4 2011

For the Registrar / Pour le Greffier

Appeals Processing Clerk/Commis, Traitement des appels

Page: 5

---

[1] *Artistic Ideas v Canada* (MNR), 2008 TCC 452
[2] *Sackman v Canada*, 2008 FCA 177 at paragraph 19

| | |
|---|---|
| CITATION: | 2011TCC492 |
| COURT FILE NO.: | 2002-4824(IT)G |
| STYLE OF CAUSE: | JEFFREY SACKMAN AND THE QUEEN |
| PLACE OF HEARING: | Toronto, Ontario |
| DATE OF HEARING: | October 14, 2011 |
| REASONS FOR ORDER BY: | The Honourable Justice Valerie Miller |
| DATE OF ORDER: | October 21, 2011 |

APPEARANCES:

| | |
|---|---|
| Counsel for the Appellant: | Matthew Sokolsky |
| Counsel for the Respondent: | Martin Beaudry<br>Jenna Clark |

COUNSEL OF RECORD:

For the Appellant:

    Name: Matthew Sokolsky
    Firm: Teplitsky, Colson

For the Respondent:    Myles J. Kirvan
    Deputy Attorney General of Canada
    Ottawa, Canada